IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CANDACE L. COWLEY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:25-cv-152-JTA |
| DWELL STUDENTS (AUBURN), LLC and CHASE SAUNDERS, | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

Before the court is Plaintiff Candace Cowley's Motion to Remand. (Doc. No. 9.) The parties consented to jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 29.) For the following reasons, Plaintiff's motion to remand is due to be granted.

### I.   JURISDICTION AND VENUE

Defendants alleged jurisdiction is proper under 28 U.S.C. § 1332. (Doc. No. 1.) Plaintiff contests diversity jurisdiction exists. (Doc. No. 9.) Venue is proper, as Plaintiff filed her complaint in the Circuit Court of Lee County, which is within the Middle District of Alabama, Eastern Division. (Doc. No. 1-1.)

## II.   PROCEDURAL HISTORY

On January 24, 2025, Plaintiff Candace Cowley filed a complaint in state court against Defendant Dwell Students (Auburn), LLC. (Doc. No. 1-1.) Plaintiff alleged state law claims for negligence and wantonness against Defendant Dwell Students. (*Id.*)

On February 21, 2025, Defendant Dwell Students removed the case to federal court. (Doc. No. 1.) On March 11, 2025, Plaintiff filed an Amended Complaint adding Defendant Chase Saunders and clarifying she is not seeking more than $74,999 in damages. (Doc. No. 8.) On the same date, Plaintiff filed a motion to remand. (Doc. No. 9.) Defendants filed a timely response on March 26, 2025, stating they did not have grounds to oppose Plaintiff's motion to remand. (Doc. No. 22.) Plaintiff filed a reply on April 8, 2025. (Doc. No. 28.)

This matter is ripe for review.

## III.   DISCUSSION

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Exec. Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). Federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The removing defendant has the burden of establishing this court has subject matter jurisdiction over an action. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir. 1996) (stating that the party seeking removal to federal court has the burden of establishing federal jurisdiction). Diversity jurisdiction

exists in civil actions filed between the citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. According to the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002).

Here, Plaintiff filed an Amended Complaint adding Defendant Saunders and clarifying she will not accept damages above the jurisdictional minimum. (Doc. No. 8 at ¶¶ 3, 5.) Plaintiff argues remand is proper because Defendant Saunders destroys complete diversity[1] and the amount in controversy is below the jurisdictional minimum. (Doc. No. 9 at ¶¶ 1, 2.) Defendants responded, in light of Plaintiff's affirmative statement she will not seek more than $74,999 in damages, they do not contest Plaintiff's motion to remand. (Doc. No. 22.) Defendants did not address whether complete diversity exists now that Defendant Saunders is a named defendant. Accordingly, as Defendants do not contest Plaintiff's motion to remand, and have not met their burden establishing this court has subject jurisdiction, Plaintiff's motion to remand is due to be granted.

## IV.   CONCLUSION

Plaintiff's Motion to Remand (Doc. No. 9) is due to be granted. Thus, this case is due to be remanded back to the Circuit Court of Lee County.

A separate order will issue.

DONE this 5th day of May, 2025.

---

[1] Plaintiff alleges she and Defendant Saunders are citizens of Alabama. (Doc. No. 8 at ¶¶ 1, 3.) Defendants do not challenge the inclusion of Defendant Saunders in the Amended Complaint.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE